UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORVETTE MCCAMPBELL,

    Plaintiff,

    v.                                                           CAUSE NO. 3:21-CV-152-RLM-MGG

MIAMI CORRECTIONAL FACILITY,
et al.,

    Defendants.

OPINION AND ORDER

Corvette McCampbell, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 7.) The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. McCampbell alleges that beginning in July 2017, when he was incarcerated at Miami Correctional Facility,[1] he began to experience blurred vision, double vision, and headaches. He was seen several times by Kim Myers, a nurse practitioner at MCF. His symptoms became progressively worse, and he began to

---

[1] The complaint reflects that he is no longer at the Miami Correctional Facility and is now incarcerated at Plainfield Correctional Facility.

experience a swollen eyelid, drooping on the right side of his face, watering eyes, and other concerning symptoms. Nurse Practitioner Myers treated him with steroids, but they would only alleviate his symptoms for a short time. She later diagnosed him with Bell Palsy, a disease affecting the facial nerve. He underwent an x-ray of his facial bones, which was normal. His medical providers didn't recommend an MRI until more than a year and half later. He finally underwent an MRI at an outside facility, and in May 2019, outside providers determined that he had a large "orbital mass" behind his right eye. Mr. McCampbell alleges that as a result of the delay in proper diagnosis and treatment, he completely lost his vision in his right and eye and has only minimal sight in his left eye. The lack of a proper diagnosis also caused him "extreme pain and suffering." Based on these events, he sues Nurse Practitioner Myers, Wexford of Indiana, Miami Correctional Facitlity, and an individual identified as "Don Ivers."

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) that he had an objectively seriously medical need and (2) that the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," and courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford

2

Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019). At the same time, a prisoner doesn't have to show that he was "literally ignored" to establish deliberate indifference. Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." Goodloe v. Sood, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). A "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." Arnett v. Webster, 658 F.3d 742, 754 (7th Cir. 2011).

Giving Mr. McCampbell the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Nurse Practitioner Myers. He alleges that she failed to recognize the seriousness of his symptoms, misdiagnosed him, and treated him for more than a year with an ineffective medication. As a result, he suffered pain and ultimately lost vision in one of his eyes. He can proceed against Nurse Practitioner Myers on a claim for money damages.[2]

Mr. McCampbell also sues Wexford, the private company that employs medical staff at the Miami Correctional Facility. A private company may be held liable for constitutional violations when it performs a state function. *See* Hildreth v. Butler,

---

[2] Most of these events occurred in 2017 and 2018, which would be beyond the two-year statute of limitations period. Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). But it appears that Mr. McCampbell might not have been aware of his injury or its cause until he received an accurate diagnosis in May 2019, which would be within two years of the date he filed the complaint. *See* O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015). The statute of limitations is an affirmative defense, and because it is not entirely clear from the face of the complaint that the action is untimely, dismissal at the pleading stage isn't appropriate. *See id.*

960 F.3d 420, 422 (7th Cir. 2020). There is no general supervisory liability under 42 U.S.C. § 1983, and Wexford can't be held liable solely because it employs the medical professionals involved in Mr. McCampbell's care. J.K.J. v. Polk Cty., 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can also be held liable to the same extent as a government actor under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). *See* Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. McCampbell doesn't plausibly allege that Wexford has any official policy or practice that caused his injury. He can't proceed against this corporate defendant.

Mr. McCampbell also names Miami Correctional Facility as a defendant, but this is a building, not a person or a policy-making body that can be held liable under 42 U.S.C. § 1983. *See* Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). This defendant will be dismissed.

Finally, he names an individual identified as "Don Ivers," but he doesn't include this person's title and it is unclear what responsibility, if any, he held for providing Mr. McCampbell's medical care. Mr. McCampbell includes boilerplate language asserting that Don Ivers showed "deliberate indifference to [his] medical care," but under federal pleading standards, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The

4

complaint's only factual content related to Don Ivers is that he played a role in responding to a grievance Mr. McCampbell filed related to his medical care. The mishandling of a grievance doesn't give rise to an independent constitutional claim. Daniel v. Cook Cty., 833 F.3d 728, 736 (7th Cir. 2016). It is also clear from Mr. McCampbell's allegations that by the time the grievance was responded to, he had already undergone an MRI and was awaiting a diagnosis from outside medical providers. He hasn't alleged a plausible constitutional claim against Don Ivers, and this defendant will be dismissed.

It's possible that now that he knows what the law requires in a complaint, Mr. McCampbell can supply the missing information with respect to defendants Wexford and Ivers. If so, he can ask for leave to file an amended complaint. But today, the court can only rule on the complaint now before it.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Kim Myers in her personal capacity for monetary damages for failing to provide adequate medical care for a mass behind his right eye in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Miami Correctional Facility, Don Ivers, and Wexford Health as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Kim Myers at Wexford of Indiana, LLC, and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Kim Myers to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 23, 2021

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT